BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, Terrorism and Export
Crimes Section
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorneys
Major Frauds Section
1500/1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone:     (213) 894-3667/0762
Facsimile:     (213) 894-0141
E-mail:   Ian.Yanniello@usdoj.gov
          Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-236(A)-SPG-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER REFERENCES, TESTIMONY, AND ARGUMENT |
| v. | |
| JASVEEN SANGHA,  aka "Ketamine Queen," | Trial Date:  September 23, 2025  PTC:         September 10, 2025 |
| Defendant. | Location:    Courtroom of the Hon. Sherilyn Peace Garnett |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello and Haoxiaohan Cai, hereby moves the Court in limine for an order excluding improper references, testimony, and argument, including related to defendant's potential punishment in this case.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

The parties met and conferred about this motion on August 12, 2025 and no agreement was reached.

Dated: August 13, 2025                    Respectfully submitted,

                                          BILAL A. ESSAYLI
                                          Acting United States Attorney

                                          CHRISTINA T. SHAY
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                              /s/
                                          ─────────────────────────────
                                          IAN V. YANNIELLO
                                          HAOXIAOHAN CAI
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case is about Defendant Sangha's long-standing operation of a stash house in North Hollywood, California, from where she sold ketamine, methamphetamine laced pills, cocaine, MDMA, counterfeit Xanax, and other illicit drugs to buyers, including C.M. and M.P., who both suffered overdoses shortly after consuming her ketamine. For her conduct, defendant Sangha is charged with conspiracy to distribute ketamine, maintaining a drug-involved premises, and multiple counts of distribution and possession with intent to distribute methamphetamine and ketamine, including distributing the ketamine that resulted in M.P.'s death.

By this motion, the government moves for an order precluding defendant and her counsel from making the following improper and/or illegal arguments relating to: (1) issues relating to punishment, including how the government resolved cases of persons not before the Court and its charging decisions; and (2) facts tending to encourage jury nullification, including the defendant's personal history and characteristics.  Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, these topics are clearly irrelevant to the issues the government must prove and trial, and, accordingly likely to confuse the issues, mislead the jury, and waste time.

**II.   STATEMENT OF FACTS**

Relevant here, the FSI charged defendant Sangha with operating a drug-involved premises and other drug trafficking conduct spanning from at least June 2019 -- when she moved into her North Hollywood residence -- until she was arrested in March 2024.  When agents executed a warrant and searched defendant's home in March 2024,

defendant possessed thousands of pressed methamphetamine pills, liquid and powered ketamine, cocaine, MDMA, alprazolam (generic for Xanax), clonazepam, among other controlled substances.

In connection with this investigation, four other defendants were charged with narrower conduct stemming from distributions of ketamine to M.P. in October 2023, and M.P.'s resulting death as a result of the acute effects of ketamine. Unlike defendant Sangha, none of those defendants were charged with operating a stash house for multiple years nor possessing the various drugs -- including methamphetamine -- that defendant possessed inside of her home in March 2024.

Based upon conversations with defense counsel, the government anticipates that the defense counsel may argue or present evidence regarding several topic areas that are irrelevant or otherwise impermissible. <u>First</u>, the government anticipates that defendant may attempt to comment on potential punishment, including misleading and improper comparisons about how the government resolved the cases of persons who will not be before the jury.[1] <u>Second</u>, the government anticipates that defendant may seek to elicit other facts tending to encourage jury nullification, including the defendant's personal history and characteristics. For the reasons discussed below, each

---

[1] Defense counsel, for example, has referenced plea agreements with other defendants that do not implicate a 10-year mandatory minimum sentence, which Count Fifteen (possession with intent to distribute methamphetamine) imposes. This argument is curious given that no other defendant is charged with a crime that carries a mandatory minimum sentence or is alleged to have possessed a mandatory minimum quantity of drugs. This argument --- and others like it --- should be excluded because it is irrelevant, improper, and will confuse the jury, which will not, and should not be, aware of the different punishment regimes that apply by statute to different kinds of drugs and may be misled by defendant's apples-to-oranges comparisons.

of these should be precluded pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

**III. ARGUMENT**

    **A.    Legal Background**

The government moves pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence to preclude inquiry or argument relating to: (1) issues relating to punishment, including the how the government resolved cases of persons who will not be before jury and its charging decisions; and (2) facts tending to encourage jury nullification, including the defendant's personal history and characteristics.

Pursuant to Federal Rule of Evidence 402, "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Fed. R. Evid. 403. A district court has "wide discretion" to exclude irrelevant evidence. United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004).

    **B.    The Court Should Exclude Evidence or Argument Relating to the Potential Punishment Defendant Faces, Punishments of Non-Testifying Witnesses, and the Government's Charging Decisions**

Based upon conversations with defense counsel, the government believes that defendant may argue or ask questions that implicate the

3

issues of punishment, including the potential punishment defendant faces if convicted and comparing that potential punishment to the punishments of other persons who are not before the Court, as well as the government's charging decisions.

As to the first, the references could be as overt as "defendant is facing imprisonment if convicted," or as subtle as "the defendant is facing a lot of time," "this case has serious consequences for the defendant," "the defendant's liberty is at stake in this trial," or "your decision will have consequences for a long time to come." Such argument is impermissible. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). The Ninth Circuit has instructed:

> While it is permissible for the trial court to caution the jury not to be influenced by the probable consequences of their verdict, as all responsibility after the verdict is with the court, it is error for the court to put before the jury any considerations outside the evidence that may influence them, and lead to a verdict not otherwise possible of attainment. The deliberations of the jury should revolve around the evidence before them, and should be uninfluenced by other considerations or suggestions. The moment other suggestions or considerations find lodgment in their minds, that moment they stray from the path which the law has marked out, and their verdict, in consequence, does not rest solely upon the evidence.

Id. (quoting Miller v. United States, 37 App. D.C. 138 (1911)).[2]

---

[2] See also United States v. Greer, 620 F.2d 1383, 1384-85 (10th Cir. 1980) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial."); United States v. McCracken, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."); United States v. Davidson, 367 F.2d 60, 63 (6th Cir. 1966) ("It is axiomatic that it is the exclusive function of juries to determine
*(footnote cont'd on next page)*

4

As the Fifth Circuit explained in Pope v. United States, 298 F.2d 507, 508 (1962):

> To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

In light of these unequivocal authorities, "it is the practice in the federal courts to instruct juries that they are not to be concerned with the consequences to the defendant of the verdict, except where required by statute." Frank, 956 F.2d at 879; see also Rogers v. United States, 422 U.S. 35, 40 (1975) (jury should have been admonished "that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed"). The Ninth Circuit Model Jury Instructions accordingly provide: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Cir. Model Crim. Jury Instr. 6.22. This instruction likely will be for naught, however, if defense counsel brings matters of punishment to the jury's attention through questioning, opening and closing arguments, or comments in attorney-conducted voir dire. The only purpose for such comments would be an "attempt[] to serenade [the] jury with the siren song of nullification." United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993).

---

whether defendants are guilty, and of the court to determine matters of punishment.").

5

As to the punishments of others, defense counsel has indicated that the defense may raise, among other things, potential punishments for non-testifying defendants and arguments concerning how the government charged and/or resolved cases against co-defendants, including defendants Mark Chavez and Salvador Plasencia --- neither of whom the government expects to testify at trial. Even if they did, comparing the pending charges against defendant Sangha to the crimes that any co-defendant pled guilty to is irrelevant and would only be used for an improper purpose, i.e., to confuse the jury or encourage nullification. The same reasoning applies to any argument that co-defendants have not been punished adequately, which would only foster speculation and result in confusion.

Most obviously, defendant and her co-defendants are not similarly situated. While all defendants were involved in distributing ketamine to M.P., only defendant is alleged to have maintained a drug-involved premises for over five years, trafficked in multiple drugs, including a mandatory minimum quantity of pressed methamphetamine pills, and dealt drugs linked to a second overdose death. Defendant's "apples to oranges" comparison is factually dubious and clearly an improper argument during trial.

Similarly, the government anticipates that defense counsel may attempt to comment on the government's decision to charge this type of case or point out that the government is prosecuting this defendant and did not prosecute other persons. Defendant should be precluded from interjecting into the trial any evidence or argument regarding the government's charging decisions as they have no bearing on defendant's guilt or innocence.

The Supreme Court has recognized that, "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985) (quoting United States v. Goodwin, 457 U.S. 368, 380 n.11 (1982)). Indeed, charging decisions, which are "rarely simple," implicate complex considerations including the strength and importance of a case, the prosecution's general deterrence value, the government's enforcement priorities, and the allocation of resources. See Town of Newton v. Rumery, 480 U.S. 386, 396 (1987). Among the many reasons traditionally cited for granting the government broad discretion in this area is the need to maintain prosecutorial flexibility in order to serve justice and advance important criminal policy goals. See, e.g., Wayte, 470 U.S. at 608.

Given the broad discretion traditionally afforded to prosecutors, courts consistently have held that evidence or argument regarding charging decisions -- including whether to offer a plea, whether to prosecute a specific individual, or whether to resolve a case short of trial-should not be admitted at trial. See United States v. Re, 401 F.3d 828, 832 (7th Cir. 2005); United States v. Young, 20 F.3d 758, 765 (7th Cir. 1994); United States v. Boyle, 2009 WL 5178525, at *3 (S.D.N.Y. 2009) ("While a defendant is entitled to cross-examine government witnesses as to inconsistent statements, the government's charging decisions are not proper subjects for cross-examination and argument." (citation and quotation marks omitted)); United States v. Carneglia, 2009 WL 185725, at *1 (E.D.N.Y. 2009); but see United States v. White, 692 F.3d 235, 246 (2d Cir. 2012), as amended (Sept. 28, 2012) (holding that a defendant may inquire into government charging decisions where the inquiry bears on whether

7

another person may have committed the crime with which the defendant is charged).[3]

Inquiries into charging decisions generally do not have a tendency to make a fact of consequence more or less probable and accordingly are irrelevant. See Fed. R. Evid. 401. Because inquiries into the government's charging decisions and enforcement practices are irrelevant and lack any probative value as to whether the government has proven that the defendant committed the charged crime beyond a reasonable doubt, they should be excluded on that basis alone. And, even if the government's charging decisions here did have some marginal probative value here (which they do not), that scant probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, under Rule 403. The jury must render a verdict solely on the evidence presented at trial, not on its evaluation of the government's charging decisions.

For these reasons, defense counsel should be prohibited from making any reference -- during examination of witnesses, argument, or otherwise -- to the potential penalties defendant faces, the punishments of others not before the Court, or the government's charging decisions.

---

[3] In addition, the government understands, of course, that the defendant may question any testifying witness about any benefits they have received from the government in connection with their testimony, including immunity, a plea agreement, or other favorable treatment. See United States v. Tirouda, 394 F.3d 683, 687-88 (9th Cir. 2005); Ninth Cir. Model Crim. Jury Instr. 3.9 [Testimony of Witnesses Involving Special Circumstances].

8

### C. Evidence or Argument Tending to Encourage Jury Nullification Should Be Excluded

Finally, the government anticipates that defense counsel may seek to elicit other facts that are appropriate for the Court's consideration at sentencing but inappropriate for the jury's consideration at trial, including defendant's history and characteristics and that defendant already has lost a lot as a result of her actions. Because these facts do not bear on issues of defendant's guilt or innocence, their only purpose would be improper—to appeal to jurors' sympathies, i.e., nullification.

"Neither a [d]efendant nor [her] attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged." United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011). Such irrelevant evidence not only serves to waste time and confuse and mislead the jury, but also to encourage the jury to render its verdict on an improper basis, i.e., to nullify. In United States v. Thomas, the Second Circuit held:

> We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it when it is within their authority to prevent. . . . A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty" . . . . Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

116 F.3d 606, 615 (2d Cir. 1997) (internal quotations and citations omitted). The Ninth Circuit-and every other circuit that has considered the issue-has confirmed that defendants are not entitled to jury instructions concerning jury nullification. See, e.g., United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1991)

9

(holding that the defendant has no right to instruct the jury to nullify itself); United States v. Simpson, 460 F.2d 515, 519 (9th Cir. 1972); see also Thomas, 116 F.3d at 616 n.9; United States v. Edwards, 101 F.3d 17, 19-20 (2d Cir. 1996); United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (noting that courts have "uniformly rejected" requests for jury nullification instructions) (citing cases).

The government does not contest that defendant is free to argue zealously that the evidence presented during the trial is insufficient to support a guilty verdict. But defendant should not be permitted to introduce evidence or make arguments that are irrelevant to the elements of the crime and designed to convey a nullification message. Because "trial courts have the duty to forestall or prevent such conduct," Thomas, 116 F.3d at 616, the government requests that this Court preclude defendant from arguing or introducing evidence, however subtly designed, to encourage the jury to render a verdict in his favor based on anything other than the assertion that defendant is not guilty of the crime charged in the indictment.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court exclude all reference, evidence, and argument relating to: (1) issues relating to punishment, including the how the government resolved cases of persons not before the Court and its charging decisions; and (2) facts tending to encourage jury nullification, including the defendant's personal history and characteristics.